UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

In re:

CECIL BANCORP, INC.

Debtor.

Chapter 11
Case No. 17-19024- RAG

DEBTOR'S OFFER OF PROOF WITH RESPECT TO STANDARDS
OF CONFIRMATION, REQUEST FOR CONFIRMATION OF PLAN AND ENTRY OF
PROPOSED CONFIRMATION ORDER

Cecil Bancorp, Inc., debtor in possession, ("Debtor") makes the following offer of proof with respect to its compliance with the standards for the confirmation of the Plan of Reorganization of Cecil Bancorp, Inc. (the "Plan"). The Debtor states the following:

1. The Plan complies with the applicable provisions of Title 11 and the Plan Proponents as proponents of the Plan have complied with the applicable provisions of Title 11. § 1129(a)(1) and (2).

2. The Plan has been proposed in good faith and not by any means forbidden by law. § 1129(a)(3). The Plan provides for the recapitalization of the Bank through the Stock Purchase Agreements[1] that will provide the funds to fund the distribution under the Plan. The Debtor has tested the market value of the Plan by engaging in a comprehensive sale process that yielded no higher or better bids.

3. Any payments to be made by the Plan Proponents for services are subject to application to and approval by this Court. § 1129(a)(4).

---

[1] Unless otherwise specified herein, capitalized terms and phrases used herein shall have the meanings given to them in the Plan. Any term used in the Plan or herein that is not defined in the Plan, but that is used in the Bankruptcy Code or the Bankruptcy Rules, has the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

4. The Debtor will not employ any insiders. The Debtor has no active payroll. The Debtor has disclosed the identity of insiders who will be employed by the Bank. § 1129(a)(5).

5. The provisions of § 1129(a)(6) [approval by regulatory agencies of rate changes] are inapplicable.

6. <u>Voting By Class (Impaired Claims)</u>.

    a. Class 1 (TruPS Claims) have voted to accept the Plan.

    b. Class 5 (TARP Interests) has not voted. Class 5 is an impaired class of interests that will receive Exchange Shares under the Plan that will yield a cash value as of the Effective Date of $880,000. As the unsecured TruPS claims will not receive payment in full, this dividend to interest holders represents more than they would receive in a liquidation.

    [Those Classes of creditors not voting are deemed to have accepted the Plan. <u>In Re Campbell</u>, 89 B.R. 187 (Bankr. N.D. Fla. 1988); <u>In re Sweetwater</u>, 57 B.R. 748 (D. Utah 1985), aff'd, 836 F.2d 1263 (10th Cir. 1988)]

7. The Plan provides for the payment of administrative costs, fees and taxes as allowed by the Court upon the Effective Date of the Plan or as agreed to between the administrative expense claimholder and the Plan Proponents. § 1129(a)(9).

8. Class 1, which is impaired under the Plan, has voted to accept the Plan. § 1129(a)(10).

9. The Plan will be funded by a Stock Purchase Agreement providing sufficient capital to adequately capitalize the Bank and fund the distributions under the Plan. It is not likely to be followed by the need for further reorganization. § 1129(a)(11).

10. The Debtor will make payment of all United States Trustee fees required by the Court and to the extent any fees remain due and owing, the Debtor will pay those amounts upon the Effective Date. § 1129(a)(12).

11. The Plan complies with the provisions of 11 USC § 1129(a)(13) [retiree benefits].

12. Although Classes 6, 7 and 8 equity interests are deemed to have rejected the Plan, no holder of any claim junior to the equity interests will receive or retain anything under the Plan. 11 USC § 1129(b)((2)(C)(ii).

13. <u>Request for Confirmation.</u> The Plan Proponents have complied with the applicable provisions of Section 1129 and the Plan meets all of the standards for confirmation required by Section 1129. The Debtor requests that the Court enter an Order confirming the Plan in the form attached hereto as Exhibit A.

Wherefore, the Debtor prays that the Court enter an order confirming the First Amended Joint Liquidating Plan of Reorganization in the form attached hereto as Exhibit A and that the Court grant such other and further relief as is just.

        CECIL BANCORP, INC.
        by its attorneys,

        /s/ Peter J. Haley
        Peter J. Haley
        Nelson Mullins Riley & Scarborough LLP
        One Post Office Square
        Boston, Massachusetts 02109
        Phone: (617) 217-4714
        Fax: (617) 217-4750
        peter.haley@nelsonmullins.com

        Valerie P. Morrison
        MD Bar No. 24770
        Nelson Mullins Riley & Scarborough LLP
        101 Constitution Ave., NW, Suite 900
        Washington, DC 20001
        Phone: 202 712-2800
        val.morrison@nelsonmullins.com

Dated: October 2, 2017

**CERTIFICATE OF SERVICE**

      I, Peter J. Haley, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this date.

Dated:   October 2, 2017                                /s/ Peter J. Haley